## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

| | | |
|---|---|---|
| STEWART ABRAMSON on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| BABY SHARK NETWORKS, LLC and ZAIN KHURSHID, | : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : | |

_____/

Plaintiff Stewart Abramson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.       This case involves a campaign by Baby Shark Networks, LLC ("Baby Shark Networks"), whose telemarketing efforts are directed by its owner Zain Khurshid, to market energy and natural gas services through the use of telemarketing calls to numbers listed on the National Do Not Call Registry in plain

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.
(hereinafter referred to as the "TCPA").

## PARTIES

2.      Plaintiff Stewart Abramson resides in Pennsylvania.

3.      Defendant Baby Shark Networks, LLC is a Michigan limited liability
company, with a principal place of business in Taylor, MI.

4.      Defendant Zain Khurshid is the owner and registered agent of Baby
Shark Networks, with an address of 16714 Melba Jean St. in Southgate, MI.

## JURISDICTION AND VENUE

5.      This Court also has federal question jurisdiction pursuant to 28 U.S.C.
§ 1331 and 47 U.S.C. § 227 *et seq*.

6.      This Court has general jurisdiction over Baby Shark Networks and
Zain Khurshid because they reside in this District.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Baby Shark
Networks and Zain Khurshid resides and directed its TCPA violative conduct to
Plaintiff from this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

8.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

9.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

10.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>Individual Liability Under the TCPA</u>

11.     Under the TCPA, an individual such as Zain Khurshid, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be

also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

12.     When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g.*, *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

13.     Zain Khurshid personally participated in the actions complained of by (a) participating in the selection of the phone numbers that would be called; (b) working on the scripting that would be used on the call; (c) selecting the dialing equipment used to make the telemarketing calls.

14.     Indeed, on the Baby Shark Networks website Zain Khurshid is listed as the director. *See* https://www.babysharknetworks.com (Last Visited January 23, 2022).

## **FACTUAL ALLEGATIONS**

15.     Defendant Baby Shark Networks is a "person" as the term is defined by 47 U.S.C. § 153(39).

16.   Baby Shark Networks advertises itself as "an Energy Consultant Company Providing Fixed/Variable Rates On Electricity and Natural Gas.". *See* https://www.babysharknetworks.com (Last Visited January 23, 2022).

17.   As an energy consultant, Baby Shark Networks engages in telemarketing.

18.   Baby Shark Networks promotes its telemarketing on its website, "we have live and engaging conversations with customers to tell about your products and win contracts. We have a highly responsive customer service for business to customer telemarketing." *See* https://www.babysharknetworks.com (Last Visited January 23, 2022).

19.   Indeed, Baby Shark Networks has advertised its efforts to hire telemarketing employees, "Baby Shark Networks LLC is looking for full time/Part time fresh and experienced individuals for the position of TSR's. A Telesales Rep will be attending our outbound/inbound calls. You will be talking to customers in U.S and offering them good rates for their electricity and gas utility bills. Each telesales rep will be trained for 5 working days to understand the complete process of acquiring sales. A TSR should be able to come to office for training and working. People having experienced in sales will be preferred." *See*

https://www.wayup.com/i-j-Baby-Shark-Network-LLC-125075632936627/ (Last

Visited January 23, 2022).

20.    Baby Shark Networks makes telemarketing calls for "Major Energy",

a deregulated energy provider.

21.    At no point prior to the telemarketing calls that Plaintiff received from

Baby Shark Networks on November 12 and 13, 2021, did the Plaintiff seek out or

solicit information regarding the energy services promoted by Baby Shark

Networks.

22.    Plaintiff's telephone number, XXX-XXX-5679, has been on the

National Do Not Call Registry since June of 2015.

23.    Plaintiff's telephone number is used for residential, non-commercial

purposes.

24.    Plaintiff's telephone number is not associated with a business.

25.    Despite this, the Plaintiff received telemarketing calls from the

Defendant Baby Shark Networks on November 12 and 13, 2021.

26.    During the November 12, 2021 call the Defendant made a

telemarketing pitch claiming that the Plaintiff was likely paying too much for his

energy bill.

27.     The Plaintiff asked the Defendant who they were calling for, and the Defendant responded "Major Energy".

28.     The Plaintiff asked to be placed on the Defendant's Internal Do Not Call List.

29.     Despite this, the Plaintiff received the call on November 13, 2021 to the same number.

30.     To confirm who was involved in the call, the Plaintiff responded to the marketing pitch regarding energy services.

31.     Again, the Defendant promoted Major Energy's services.

32.     Both calls came from the Caller ID number, 815-772-8856, which appears to be a "spoofed" Caller ID number intended to hide the caller's identity.

33.     Prior to commencing this action, the Plaintiff contacted Major Energy who confirmed that the Defendant provided them with marketing services with respect to the Plaintiff's interaction.

34.     All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States who, within four years prior to the commencement of this litigation until trial, received two or more telemarketing call on their residential landline from or on behalf of Baby Shark Networks to a telephone number that was registered with the National Do Not Call Registry for more than 30 days at the time of each call.

37. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as has no interests that conflict with any of the class members.

38. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone line that occupied it from receiving legitimate communications.

40. This Class Action Complaint seeks injunctive relief and money damages.

41.     The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

42.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class based on the nature of telemarketing campaigns like Defendant's.

43.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

44.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

46.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

48. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of Plaintiff and the National Do Not Call Registry Class**

49. Baby Shark Networks violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Baby Shark Networks' behalf to Plaintiff and the members of the

National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

50.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising energy goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

52.     The Defendant's violations were knowing or willful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A.     Injunctive relief prohibiting Defendant's telemarketing, as described above;

B.     Statutory damages and costs;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court

deems appropriate, finding that Plaintiff are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

     D.     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 25, 22      PLAINTIFF, on behalf of themselves
      and others similarly situated,

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff*